NO. 16-56307

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

IN RE EASYSAVER REWARDS LITIGATION

Bradley Berentson, Gina Bailey, Grant Jenkins, Josue Romero,
Christopher Dickey, Daniel Cox, Jennifer Lawler, and Jonathan Walter,
*Plaintiffs-Appellees*,

Brian Perryman,
*Objector-Appellant*,

v.

Provide Commerce, Inc.; Encore Marketing International, Inc.; and
Regent Group, Inc.,
*Defendant-Appellees*.

On Appeal from the United States District Court
for the Southern District of California, No. 3:09-cv-2094 BAS-WVG

Appellant Brian Perryman's
Response to NLADA Motion for Leave to File *Amicus*

COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
1310 L Street NW, 7th Floor
Washington, D.C. 20005
(202) 331-2263
*Attorneys for Objector-Appellant Brian Perryman*

NLADA concedes that Fed. R. App. Proc. 29(a) requires their brief to be filed by May 8, 2017, over eight months after Perryman filed his notice of appeal, but seeks leave to file on June 30, after all opening briefs have been filed.

When NLADA requested Perryman's consent to a late-filed motion for leave for *amicus*, Perryman asked NLADA (1) why the *amicus* was late and (2) whether appellees would take the position that a late-filed *amicus* would give them a right for additional response, disrupting the briefing schedule, and unfairly prejudicing Perryman. Perryman disagrees with NLADA's position on *cy pres* and with NLADA's failure to acknowledge leading cases that have rejected its position, but would have been happy to consent if there had been no disruption to the briefing and no unfair prejudice to himself. But even after filing its motion, NLADA has no complete answer to either of Perryman's questions.

NLADA provides no explanation, or even an attempt to demonstrate good cause, why it could not file an *amicus* brief by the May 8 deadline. NLADA has moved to file *amicus* briefs in three CCAF *cy pres* cases in the last three years, and we'd be happy to put them on our mailing list if the multiple BigLaw firms representing NLADA find it burdensome to follow our website's contemporaneous discussion of our pending cases.

There are two separately-represented defendants, and NLADA sought permission from only one of them, ignoring defendant Regent Group, in violation of Cir. R. 29-3.

NLADA claims that their late-filed brief will not "require the parties to submit additional briefing" in this case, but this is incorrect. Perryman still does not know if defendant Provide Commerce or defendant Regent Group will exercise its right under FRAP 29 to demand additional briefing to respond to NLADA. If either does, it will unfairly prejudice Perryman, because the defendants will effectively obtain a free surreply on *cy pres* issues, perhaps after Perryman's reply brief is filed. Perryman opposes any late filing that would disrupt the briefing schedule and unfairly prejudice Perryman like that unless Provide and Regent each expressly waives their right to a response brief under Fed. R. App. Proc. 29(a)(6).

Meanwhile, the NLADA brief asks for a new standard of law not adopted by any other appellate court, commits multiple errors of law and miscites, and mysteriously fails to cite NLADA's previous unsuccessful attempt to have the Eighth Circuit (and *en banc* Eighth Circuit) adopt its idiosyncratic view of *cy pres*. *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060 (8th Cir. 2015). (And it's questionable how helpful to the Ninth Circuit NLADA's proposed standard is when that standard cannot provide a clear-cut answer to whether the *cy pres* below should be affirmed or reversed.)

As it is, the appellees have filed two separate response briefs with a total of 29,014 words, and Ninth Cir. R. 32-2 permits Perryman only 8,400 words in reply to those two briefs without a burdensome motion that might require Perryman's short-staffed non-profit *pro bono* counsel to draft two reply briefs of varying lengths. The errors in the NLADA *amicus* brief require response that unfairly prejudices Perryman unless he is granted permission to file a 10,500-word reply brief. It is possible this Court will not

grant the NLADA motion until after Perryman files his reply brief; if so, Perryman should be permitted a brief in response to NLADA's brief and any response briefs filed by defendants. (Perryman is filing this response to the NLADA motion several days before the FRAP 27 deadline to expedite decision on NLADA's motion.)

Perryman is unfairly prejudiced simply from the motion because even as his reply brief is due shortly, he is in limbo whether he needs to respond to the NLADA brief and whether he might need to respond to supplemental briefs by the defendants. The disruption to Perryman is especially unfair, because his non-profit *pro bono* appellate counsel currently has primary responsibility for the following appellate briefs and district-court hearings scheduled in July, August, and September:

> July 10: Petition for rehearing, Ninth Circuit No. 15-16280
>
> July 14: *EasySaver* reply brief, Ninth Circuit (Aug. 14 if 30-day extension)
>
> July 31: Opening brief, Seventh Circuit, No. 17-2275
>
> August 9: Fairness hearing, Northern District of California
>
> August 11: Reply brief, Third Circuit, No. 17-1480
>
> August 24: Opening Brief, Ninth Circuit, No. 17-15835
>
> August 31: Fairness hearing, Central District of California
>
> September 13: Reply brief, Seventh Circuit, No. 17-2275

There is no slack in this schedule, and any disruption to the briefing schedule caused by NLADA's late filing will be especially burdensome and unfair to Perryman.

## Conclusion

If defendants will request a response to the NLADA *amicus* brief, NLADA's motion for leave to file nearly two months late should be denied as unduly complicating the briefing schedule and unfairly prejudicing Perryman.

If NLADA's motion is granted, Perryman requires response under Fed. R. App. Proc. 29(a)(6). This can be handled by an order permitting Perryman to file a reply brief of 10,500 words in length. Perryman's reply brief should not be due until after any FRAP 29(a)(6) response briefs filed by defendants, and the time to reply should be expanded to reflect the uncertainty Perryman currently faces and the burden to his appellate attorney's schedule. In the alternative, if NLADA's motion is granted after Perryman files his reply brief, Perryman should be permitted a separate Rule 29(a)(6) response to NLADA's brief and any response briefs filed by appellees.

Dated: July 5, 2017            Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 331-2263
Email: ted.frank@cei.org

*Attorneys for Objector-Appellant
Brian Perryman*

**Proof of Service**

I hereby certify that on July 5, 2017, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

*/s/ Theodore H. Frank*
Theodore H. Frank